# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-cr-3094-BAS |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO MODIFY HIS SENTENCE** |
| v. | **[ECF No. 53]** |
| SALVADOR ERNESTO MIRANDA, | |
| Defendant. | |

On October 26, 2016, the Court sentenced Defendant Salvador Ernesto Miranda to 70 months in custody following his guilty plea to importation of methamphetamine. (ECF No. 48.) The sentence was a substantial variance from the sentencing guidelines and was a joint recommendation pursuant to a plea agreement. (ECF Nos. 38, 42, 45.) Mr. Miranda now files this Motion to Modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 53.) The Government opposes. (ECF No. 55.) The Court now **DENIES** the Motion to Modify.

Although Mr. Miranda styles his Motion as one pursuant to § 3582(c)(2), he is not alleging that an amendment has lowered his guideline range. In fact, his ultimate

sentence was well below his sentencing guideline range. Hence, § 3582(c)(2) is inapplicable.

Instead, Mr. Miranda is asking that his good time credits be recalculated and that he receive a compassionate release pursuant to the First Step Act. In order to obtain this relief, Defendant must first exhaust his administrative remedies. *See United States v. Wilson,* 503 U.S. 329, 335 (1992) (prisoners may seek judicial review of custody credits after exhausting administrative remedies); *United States v. Checchini*, 967 F.2d 348, 349-50 (9th Cir. 1992) (district court lacked jurisdiction to grant custody credits—defendant must "exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit[s]"); *Dunne v. Henman,* 875 F.2d 244, 249 (9th Cir. 1989) ("Federal district courts have no authority to monitor the execution of a prisoner's sentence. That task is left to the Bureau of Prisons.").

If Mr. Miranda is unsuccessful at obtaining the relief he believes he is owed under the First Step Act through administrative channels, then his recourse is to file a § 2241 habeas petition in the federal court located in the district in which he is incarcerated. *See Dunne*, 975 U.S. at 249 ("[T]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined."). Since it does not appear that Mr. Miranda is housed in the Southern District of California, venue is not proper in this district.

To the extent Mr. Miranda requests home or halfway house placement, or a sentence reduction for completion of the RDAP program, this decision is solely within the province of the Bureau of Prisons. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment.") (quotations omitted); *United States v. Perez-Asencio*, No. 18-cr-3611-H, 2019 WL 626175, at *4 (S.D. Cal. Feb. 14, 2019) (only the Attorney

1  General, not the courts, has authority to modify the method of imprisonment from a

2  BOP facility to home confinement).

3      For the reasons stated above, the Court **DENIES** Defendant's Motion to

4  Modify his sentence.  (ECF No. 53.)

5      **IT IS SO ORDERED.**

6

7  **DATED: January 27, 2020**

Hon. Cynthia Bashant
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28